```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. DKC 10-0573 |
| | Civil Action No. DKC 20-1648 |
| | : |
| DEREK TROKON WULAH | : |
| | : |

**MEMORANDUM OPINION**

Mr. Derek Trokon Wulah filed a motion, through counsel, to vacate judgment pursuant to 28 U.S.C. § 2255 on June 12, 2020, challenging his guilty plea and subsequent conviction. (ECF No. 45). Because Mr. Wulah had been released from confinement and deported well before the filing of the motion, Mr. Wulah (through counsel) was directed to state whether Mr. Wulah intended to pursue his motion on October 29, 2021. (ECF No. 46). In lieu of filing a response, counsel moved to withdraw because they are unable to ascertain Mr. Wulah's whereabouts. (ECF No. 47). For the following reasons, the court will dismiss Mr. Wulah's motion without prejudice, finding that he is not "in custody."

I.  BACKGROUND

Mr. Wulah was convicted of possession of a firearm by a convicted felon and sentenced on December 7, 2011 to 42 months imprisonment. The sentence was ordered to run concurrent with the sentence imposed by the State of Maryland followed by 3 years

supervised release. (ECF No. 40). Mr. Wulah completed the confinement portion of his federal sentence on December 24, 2014, and was transferred to the Maryland Department of Corrections to complete his state sentence. He completed his state sentence on December 13, 2016, was released to a detainer with the U.S. Immigration and Customs Enforcement, and was deported to Liberia on February 17, 2017.

II. ANALYSIS

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under a conviction or sentence under attack at the time his petition is filed. See *Carafas v. LaVallee*, 391 U.S. 234 (1968).

*Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (string citations omitted). The court recognized the "expanding definition" of the term "custody" when it took as a given that "we no longer require physical detention as a prerequisite to habeas relief." *Rumsfeld v. Padilla*, 542 U.S. 426, 437 & n.10 (2004) (collecting cases but deciding the case on other grounds). In *Jones v. Cunningham*, 371 U.S. 236, 238 (1963), the Court explained that, "[w]hile limiting

2

its availability to those 'in custody,' the statute does not attempt to mark the boundaries of 'custody.'" Rather, it looks to common-law usages and the history of habeas corpus to analyze whether a "given restraint on liberty" meets the test. *Jones*, 371 U.S. at 238. Such historical uses also included allowing an "alien seeking entry into the United States" to seek the writ's relief, and ultimately included any legal "restraints not shared by the public generally." *Id.* at 239 & n.9, 240, 243 (collecting cases and finding a parolee qualified as "in custody").

Some form of physical restraint, currently or potentially in the future, must be present. *See, e.g.*, *Wilson v. Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012) (requiring an individual to register as a sex offender after having fully served a sentence for rape does not mean he is "in custody"); *Blanco v. Fla.*, 817 Fed.Appx. 794, 796 (11th Cir. 2020) (citing *Maleng,* 490 U.S. at 491-92) ("When a prisoner's sentence has fully expired, he is not 'in custody' as required by § 2241, and the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it."). Accordingly, Mr. Wulah was not in custody when counsel filed the pending motion and it will be dismissed.

3

III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Mr. Wulah does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

IV. CONCLUSION

Mr. Wulah's sentence, both confinement and period of supervised release, were satisfied prior to June 12, 2020, the date the pending motion was filed. Because Mr. Wulah is not "in custody" he may not bring a motion challenging his conviction and the motion will be dismissed. A Certificate of Appealability will not issue. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge